AO 91 (Rev. 11/11) Criminal Complaint

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
DEC 01 2014
AT____ O'CLOCK____
Lawrence K. Baerman, Clerk - Plattsburgh

# UNITED STATES DISTRICT COURT

for the
Northern District of New York

**UNITED STATES OF AMERICA**
**v.**
Earl MUDD, Michael MORAN, and
Thomas FARLEKAS,

**Defendants.**

Case No. 8:14-M-441 (GLF)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of November 29, 2014 through November 30, 2014 in the county of Essex in the Northern District of New York and elsewhere the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. 846, 841(a)(1), 841(b)(1)(B) | Conspiracy to possess with the intent to distribute and to distribute a controlled substance, in that the defendants conspired to knowingly and intentionally possess with intent to distribute and to distribute a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1). That violation involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B). |

This criminal complaint is based on these facts:
See Attached Affidavit.

☒ Continued on the attached sheet.

Kevin M. Kadish
*Complainant's signature*

Kevin M. Kadish, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: December 1, 2014

Gary L. Favro
*Judge's signature*

City and State: Plattsburgh, NY

Hon. Gary L. Favro, U.S. Magistrate Judge

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Kevin M. Kadish, a Special Agent with the Drug Enforcement Administration, being duly sworn, depose and state as follows:

**INTRODUCTION**

1. I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2. I have been a Special Agent with the Drug Enforcement Administration ("DEA") upon completion of the DEA Training Academy, in Quantico, Virginia in May 2005. Prior to my employment with the DEA, I served as a Police Officer with the Colchester Police Department in Colchester, Vermont from August 2001 to January 2005. I am currently assigned to the Plattsburgh Resident Office and have been so since November 2008. I work on the Plattsburgh RO Drug Task Force (Drug Task Force), which comprises agents from the DEA, Homeland Security Investigations, United States Border Patrol, Clinton County Sheriff's Office, and Plattsburgh Police Department. Prior to that, I was assigned to the New York Drug Enforcement Task Force, in New York, New York. During my tenure with DEA, I have participated in numerous narcotics investigations during the course of which I have conducted physical and wire surveillance, executed search warrants, and reviewed and analyzed recorded conversations and records of drug traffickers and money launderers. Through my training, education, and experience (including debriefing cooperating drug traffickers and money launderers, monitoring wiretapped conversations of drug traffickers and money launderers, and conducting

surveillance on numerous occasions of individuals engaged in drug trafficking and money laundering), I have become familiar with the manner in which illegal drugs are imported and distributed, the method of payment for such drugs, the various ways drug money is laundered, and the efforts of persons involved in such activities to avoid detection by law enforcement.

3. I have participated in the investigation and prosecution of complex narcotics enterprises, including major Colombian, Dominican, and Canadian narcotics organizations. These investigations included the use of court-ordered eavesdropping. I have also conducted extensive analyses of telephone billing records for telephones used by narcotics traffickers. Members of the Plattsburgh Resident Office also have extensive experience in narcotics investigations, especially involving high-level narcotics traffickers and money launderers. I have had and continue to have conversations with them concerning this and other narcotics related investigations.

4. I am submitting this affidavit in support of a criminal complaint charging Earl MUDD, Michael MORAN, and Thomas FARLEKAS with violations of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B) (conspiracy to possess with intent to distribute and to distribute a controlled substance).

5. The statements in this affidavit are based in part on information developed by your affiant and on my investigation of this matter. I have set forth only those facts that I believe are necessary to establish probable cause to believe that Earl MUDD, Michael MORAN, and Thomas FARLEKAS have committed violations of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B).

6. On November 29, 2014, a source of information indicated that MUDD and FARLEKAS agreed to meet at approximately 12 p.m. the following day so MUDD could obtain a quantity of controlled substances.

7. On November 29, 2014, the source of information indicated that MUDD and MORAN agreed to leave the next morning at approximately 8 a.m. to travel south to meet FARLEKAS.

8. On November 30, 2014, agents conducted surveillance of MUDD and MORAN as they traveled from the Keeseville, NY area to the Newburgh, NY area to meet with FARLEKAS.

9. At approximately 8:35 a.m., agents observed MUDD and MORAN leave MUDD's residence in Keeseville, NY, in a black Kia Optima. MUDD entered the car with a white plastic bag. They were observed traveling southbound on Interstate 87.

10. At approximately 12:53 p.m., agents observed MUDD and MORAN outside a restaurant in Newburgh, NY. At approximately 1:31 p.m., agents observed a white BMW registered to Thomas FARLEKAS and driven by Thomas FARLEKAS arrive at the same restaurant. FARLEKAS, MUDD, and MORAN met inside the restaurant where they remained until approximately 2:50 p.m.

11. At that time, agents observed FARLEKAS exit the restaurant and walk to his BMW. At the same time, MORAN and MUDD entered the Black Kia. MORAN drove the Kia to the BMW and FARLEKAS. At that time, MUDD, MORAN, and FARLEKAS exited the cars and opened the two trunks.

12. Agents observed FARLEKAS remove a plastic bag from the trunk of the BMW and place it in the trunk of the Kia. Agents stopped surveillance and detained MUDD, MORAN,

and FARLEKAS. Agents subsequently located a white plastic bag in the trunk of the Kia containing a white substance consistent with cocaine. The white substance field tested positive for cocaine and weighed approximately 710 grams. Agents also located a white plastic bag, like the one MUDD was seen with earlier in the day, in the trunk of the BMW containing an undetermined amount of United States currency.

**CONCLUSION**

13. Based on the foregoing, there is probable cause to conclude that Earl MUDD, Michael MORAN, and Thomas FARLEKAS have conspired to possess with intent to distribute and to distribute a controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B).

Special Agent Kevin M. Kadish
Drug Enforcement Administration

Sworn and subscribed before me
this 1st day of December, 2014.

HON. GARY L. FAVRO
UNITED STATES MAGISTRATE JUDGE